## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

CHARLIE CARDEN,

     PETITIONER,

v.                                  CASE NO.: CV-05-J-2498-J

KENNETH JONES, et al.,

     RESPONDENTS.

## MEMORANDUM OPINION

Petitioner, Charlie Carden, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges the validity of his November 20, 2003, conviction in the Circuit Court of Marion County, Alabama, on charges of first degree kidnapping, for which petitioner was sentenced, *in absentia*, to life imprisonment on February 18, 2004. Exhibit A, Supplemental Copy at 7.  The *in absentia* sentencing was due to the petitioner's voluntary flight from the courtroom during his trial while out on bond.  *See e.g*, Exhibit A at 19, ¶ 4; Exhibit D.  The petitioner was thereafter arrested on June 15, 2004, and incarcerated.  Exhibit A at 19, ¶ 4.

Upon receipt of the current petition, an Order to Show Cause and an amended Order to Show Cause were issued to respondents (docs. 8 and 9) and respondents thereafter filed an answer and exhibits (doc. 11).  The petitioner was given twenty

days to file an opposition to the respondents' answer (doc. 12).  He filed a traverse

with exhibits attached (doc. 14) and an amendment to his traverse (doc. 16).

The petitioner failed to file a direct appeal of his conviction to the Alabama

Court of Criminal Appeals.[1]  On August 26, 2004, petitioner filed a petition for post-

conviction relief pursuant to Rule 32, Ala.R.Crim.P.  Exhibit A.  In that petition, the

petitioner asserted that he was denied effective assistance of counsel and that the

failure to appeal within the prescribed time was through no fault of his own.  Exhibit

A, at 5-6.  That petition was denied by the trial court on January 10, 2005.[2]  Exhibit

A at 46.  Petitioner timely appealed the denial to the Alabama Court of Criminal

Appeals.  Exhibit A at 50, 53.  The issues raised in this appeal were: (1) whether the

trial court abused its discretion in its denial of the Rule 32 petition; and (2) whether

trial counsel's failure to appeal entitled the petitioner to an appeal.[3]  Exhibit A at 51;

Exhibit B at vii.  On May 13, 2005, the Alabama Court of Criminal Appeals issued

---

[1]After petitioner's arrest on June 15, 2004, petitioner's trial counsel did file a Motion for Out of Time Appeal, dated July 8, 2004.  Exhibit A, at 18.  That Motion was denied and a subsequent motion by trial counsel to withdraw as counsel was granted by the trial court.  Exhibit A, Supplemental Copy, at 35.

[2]The respondent incorrectly asserts that the Rule 32 petition was denied on August 31, 2004, which is the date when the trial court denied the petitioner's first request to proceed in forma pauperis.  The trial judge dated the denial of the first Rule 32 petition January 10, 2004.  However, as this would precede the date when the petition was filed, the court finds this denial must have been January 10, 2005.  Adding further confusion is that the date is reflected on the trial court's docket sheet as January 12, 2005, and on petitioner's notice of appeal as January 10, 2005.

[3]The petitioner argues that "even though the record will reveal that the appellant voluntarily made himself absent from trial, trial counsel still had a duty to perfect the appeal in this case."  Exhibit B at 1.

a memorandum opinion affirming the trial court's denial of the petition.[4]  Exhibit D.

A certificate of judgment was issued on June 1, 2005.  Exhibit E.

While the first appeal from the denial of the Rule 32 petition was pending

before the Alabama Court of Criminal Appeals, the petitioner filed a second Rule 32

petition.  In this petitioner, the petitioner alleged that (1) the trial court was without

jurisdiction to render judgment or impose his sentence because his indictment was

void; (2) the State failed to prove an essential element of the charged offense because

perjured testimony was used by the State; (3) petitioner was denied effective

assistance of counsel; (4) the jury was improperly charged, resulting in an

"unreliable" " jury verdict; and (5) prosecutorial misconduct.  Exhibit I at 2.  The

state filed a response (Exhibit H) and the trial court denied this petition on June 9,

2005.  The petitioner again appealed that denial to the Alabama Court of Criminal

Appeals, and included the additional ground that his due process rights were violated.

The Court of Criminal Appeals failed to consider this final ground because it was not

raised in his petition to the trial court.  Exhibit I at 2, n. 1.  Additionally, the Court of

Criminal Appeals noted that the claim regarding the validity of the indictment was

without merit, that the claims asserting testimony was perjured and prosecutorial

misconduct could have been raised at trial but were not; that the claim for ineffective

---

[4]The Court of Criminal Appeals noted that petitioner failed to allege that he ever requested his trial counsel to file an appeal.  Exhibit D.

assistance of counsel was successive and thus precluded; and that the claim alleging an improper jury charge was not supported by the evidence.  On September 18, 2005, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of the petition.  Exhibit I.  An application for rehearing was filed on September 21, 2005 (Exhibit J), and denied by the Court of Appeals on September 30, 2005. Exhibit K.

A Petition for Writ of Certiorari was filed with the Alabama Supreme Court on October 3, 2005 (Exhibit L) and denied on November 10, 2005 (Exhibit M).

This petition followed on December 6, 2005. In this petition, Warren contends that:

> Claim 1: The petitioner is innocent and it was prejudicial error to use perjured testimony.
>
> Claim 2: The petitioner was denied effective assistance of counsel.
>
> Claim 3: Either the grand or petite jury was unconstitutionally selected or impaneled.

## CLAIMS 1 and 2:

The issue of whether perjured testimony was used to obtain a conviction was raised to the Alabama Court of Criminal Appeals on petitioner's appeal from the denial of his second Rule 32 petition.  The Alabama Court of Criminal Appeals held that because this claim was presented for the first time in a successive petition, it was

barred.  *See* Exhibit I.  The Alabama Court of Criminal Appeals also ruled that the claim for ineffective assistance of counsel was successive and therefore barred.  *Id.*

A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from litigating that claim in federal court absent a showing of "cause for" and "actual prejudice" from the default.  *Engle v. Isaac,* 456 U.S. 107, 110, 102 S.Ct. 1558,1563, 71 L.Ed.2d 783 (1982); citing *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).  Such procedural default can arise in two ways.  First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision.  *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir.1999).  Second, if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural defect, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal.  *Id.,* at 1303, citing *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir.), *cert denied*, 525 U.S. 963, 119 S.Ct. 405, 142 L.Ed2d 329 (1998).  *See also* 28 U.S.C. § 2254(b)(1)(A).

The Eleventh Circuit Court of Appeals has addressed claims that have been presented to a state court and held to be barred as follows:

The federal courts' authority to review state court criminal convictions pursuant to writs of habeas corpus is severely restricted when a petitioner has failed to follow applicable state procedural rules in raising a claim, that is, where the claim is procedurally defaulted. Federal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, *Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989), and that bar provides an adequate and independent state ground for denying relief. *See id.* at 262; 109 S.Ct. at 1042-1043; *Johnson v. Mississippi*, 486 U.S. 578, 587,108 S.Ct. 1981, 1987, 100 L.Ed.2d 575 (1988). The doctrine serves to ensure petitioners will first seek relief in accordance with state procedures, see *Presnell v. Kemp*, 835 F.2d 1567, 1578-79 (11th Cir.1988), *cert. denied*, 488 U.S. 1050, 109 S.Ct. 882, 102 L.Ed.2d 1004 (1989), and to "lessen the injury to a State that results through reexamination of a state conviction on a ground that a State did not have the opportunity to address at a prior, appropriate time." *McCleskey v. Zant*, 499 U.S. 467, – , 111 S. Ct. 1454, 1470, 113 L. Ed. 2d 517 (1991).

*Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir.1991).

Thus, if a claim has been previously presented in some form to a state court, a federal habeas court may refuse to hear that claim only if the last state court rendering the judgment "clearly and expressly" stated that its judgment was based on procedural bar. *Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). The Alabama Court of Criminal Appeals was the last state court to render judgments on this claim of the petitioner. In its opinion, the Alabama Court of Criminal Appeals clearly and specifically held that the claim was procedurally barred. The Alabama Court of Criminal Appeals ruled that "[t]his is a non-jurisdictional challenge to the sufficiency of the evidence. As a result, this claim

could have been raised at trial or on appeal but was not." *Carden v. State*, CR 04-1919 (Ala.Crim.App. Sept. 18, 2005).  The court finds that it is clear from the record that the last state court to review the petitioner's claims "clearly and expressly" stated that its judgment rested on a procedural bar, which is independent and adequate under state law. *See Harmon v. Barton*, 894 F.2d 1268, 1272 (11th Cir.1990); citing *Harris*, 109 S.Ct. at 1043.  Hence, the petitioner's Claim 1 is procedurally barred from review in this court.

The court also finds no merit to the petitioner's claim that he is actually innocent of the charge upon which he was convicted. "[A]ctual innocence" means factual innocence, not mere legal insufficiency.  *Bousley v. U.S.* 523 U.S. 614, 623-624, 118 S.Ct. 1604,1611 - 1612 (1998).  In his argument, the petitioner essentially challenges the sufficiency of the evidence used to convict him in support of his argument that he is innocent.  Because this is in essence the same argument petitioner makes concerning the issue of perjured testimony, the court finds this argument procedurally barred, as stated *supra*.

Even if the court did not find petitioner's claim for ineffective assistance of counsel to be procedurally defaulted, the petitioner has not met his burden to establish this claim.  The United States Supreme Court has established a national standard for judging the effectiveness of criminal defense counsel under the Sixth Amendment. "The benchmark for judging any claim of ineffectiveness must be whether counsel's

7

conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  The Court elaborated:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.  "Because the [petitioner] must prove both deficiency and prejudice, a [petitioner's] failure to prove either will be fatal to his claim." *Johnson v. Scott,* 68 F.3d 106, 109 (5th Cir. 1995).

Under the *Strickland* test, the petitioner must initially show that counsel's representation fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  "While it need not be errorless, counsel's advice '*must be within the realm of competence demanded of attorneys representing criminal defendants.*'" *Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993)(*quoting Stano v. Dugger*, 921 F.2d 1125, 1151 (11th Cir.)(en banc), *cert. denied*, 502 U.S. 835 (1991)).  In making such an evaluation, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  The effectiveness

8

or ineffectiveness of counsel must be evaluated by consideration of the totality of the circumstances. *Stanley v. Zant,* 697 F.2d 955, 962 (11th Cir. 1983), *cert. denied,* 467 U.S. 1219 (1984).

The second requisite element in a claim of ineffective assistance of counsel is a showing of prejudice.  Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant can obtain relief only if the error caused actual prejudice. *Strickland,* 466 U.S. at 691-92.  In order to establish "prejudice, [a petitioner] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Williams v. Taylor,* 529 U.S. 362, 391, 120 S.Ct. 1495, 1511-1512 (2000).  A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *Strickland,* 466 U.S. at 694.  Furthermore, in addition to showing that the outcome would have been different, a petitioner must prove that "counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair." *Armstead v. Scott,* 37 F.3d 202, 207 (5th Cir. 1994)(*citing Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 844 (1993)).  In other words, "counsel's unprofessional errors [must] so upset the adversarial balance between the defense and prosecution that the trial was rendered unfair and the verdict suspect." *Fretwell,* 506 U.S. at 369, 113 S. Ct. at 842.  "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any

9

substantive or procedural right to which the law entitles him." *Fretwell*, 506 U.S. at

372.  The petitioner's argument does not establish a "reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been

different.'" *Williams v. Taylor,* 529 U.S. 362, 391, 120 S.Ct. 1495, 1511-1512 (2000).


**CLAIM 3**:

The court finds that this claim is also procedurally defaulted as the petitioner

did not raise this claim on direct appeal or otherwise to a state court of appeals.

Pursuant to § 2254(b)(1), "[a]n application for a writ of habeas corpus on behalf of

a person in custody ... shall not be granted unless it appears that –

> (A) the applicant has exhausted the remedies available in the courts of
> the State
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect
> the rights of the applicant.


The petitioner could have challenged whether the petite and/or grand jury were

constitutionally selected, but did not.  The law regarding such a failure is clear:

> Habeas petitioners generally cannot raise claims in federal court that
> were not first exhausted in state court. *See, e.g., Snowden v. Singletary,*
> 135 F.3d 732, 735 (11th Cir.1998). To properly exhaust a claim, "the
> petitioner must afford the State a full and fair opportunity to address and
> resolve the claim on the merits." *Keeney,* 504 U.S. at 10, 112 S.Ct. at
> 1720. It is not sufficient merely that the federal habeas petitioner has
> been through the state courts, *Picard v. Connor*, 404 U.S. 270, 275-76,

> 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), nor is it sufficient that all the
> facts necessary to support the claim were before the state courts or that
> a somewhat similar state-law claim was made, *Anderson v. Harless,* 459
> U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (citations omitted).
> The petitioner must present his claims to the state courts such that they
> are permitted the "opportunity to apply controlling legal principles to the
> facts bearing upon (his) constitutional claim." *Picard,* 404 U.S. at 277,
> 92 S.Ct. at 513 (alteration in original).

*Kelley v. Secretary for Dept. of Corrections,* 377 F.3d 1317, 1343-1344 (11th

Cir.2004).  *See also Johnson v. Alabama,* 256 F.3d 1156, 1170 (11th Cir.2001).  When

a petitioner simply never raised a claim in state court, or on appeal, and it is obvious

that the unexhausted claim would now be procedurally barred due to a state-law

procedural defect, the federal court may foreclose the petitioner's filing in state court;

the exhaustion requirement and procedural default principles combine to mandate

dismissal.  *See Snowden v. Singletary,* 135 F.3d at 737; 28 U.S.C. § 2254(b)(1)(A).

Additionally, the petitioner has failed to present any evidence of cause for and

prejudice from the default.  This claim is due to be dismissed.

 The court finding that the claims raised by the petitioner are due to be

dismissed, the petition for writ of habeas corpus shall be denied by separate Order.

 **DONE** this the _31ˢᵗ_ day of <u>January</u>, 2007.

             _____

            INGE PRYTZ JOHNSON
            U.S. DISTRICT JUDGE

11